United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10229
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RANDY RAY STEWART,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-156
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Randy Ray Stewart appeals the sentence imposed following his
guilty plea conviction of false statement on a loan application,
in violation of 18 U.S.C. § 1014.  He argues that the district
court erred when it increased his offense level by two levels for
sophisticated means pursuant to U.S.S.G. § 2F1.1(b)(6)(C) (2000).

    The district court's statement at the sentencing hearing
regarding Stewart's objection to the sophisticated means
enhancement is subject to varying interpretations.  However, when
viewed in the context of the remaining portions of the sentencing

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transcript and the record, it is clear that the district court intended to overrule Stewart's objection to the sophisticated means enhancement, as well as and as distinct from the objection to the more than minimal planning enhancement, and that in doing so it adopted the PSR and addendum's recommendation and rationale.

And the sophisticated means enhancement is supported by the facts and rationale set forth in the PSR and addendum. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006); United States v. Clements, 73 F.3d 1330, 1340-41 (5th Cir. 1996). Stewart does not dispute those facts. Rather, he argues that the district court erred because the same conduct that formed the basis for the more than minimal planning adjustment pursuant to U.S.S.G. § 2F1.1(b)(2)(A) also formed the basis for the sophisticated means enhancement pursuant to U.S.S.G. § 2F1.1(b)(6)(C).[1] Stewart's argument misstates the basis for both adjustments. The PSR and addendum based the more than minimal planning enhancement on the fact that Stewart's offense conduct involved repeated acts over a period of time - his multiple attempts to secure loans for himself and R&T Sales using

---

[1] We assume, without deciding, that two enhancements cannot be based on the same conduct. But see United States v. Olis, 429 F.3d 540, 549 (5th Cir. 2005) (concluding that two similar enhancements, which were based on essentially the same conduct, could both apply); United States v. Solomon, No. 00-11210, 2001 WL 1131955, at *1 (5th Cir. Sept. 21, 2001) (holding that both enhancements at issue here can apply even if they "overlap" because they "measure different aspects of...behavior").

a false statement on a loan application and false statements to the bank regarding his assets, income, and collateral  - while they based the sophisticated means enhancement on the complexity of offense conduct more complex that those simple misstatements - particularly Stewart's instructing a bookkeeper to generate separate books to support his misstatements.[2]  Hence the district court did not clearly err in concluding that Stewart's offense involved sophisticated means.  See Caldwell, 448 F.3d at 290; Clements, 73 F.3d at 1340-41.

The district court's judgment is therefore AFFIRMED.

---

[2] Defendant briefly and obliquely suggests that the double-bookkeeping wasn't offense conduct, but we do not read that to be an appeal of that issue.